UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

BRISTOL WEST INSURANCE
COMPANY,

      Plaintiff,

v.                                            Case No. 5:04-CV-36
                                              Consolidated with Case 1:05-CV-2

CARL LEE WHITT, and                 HON. GORDON J. QUIST
JERRY OTTO and ANGIE OTTO,
as parties interest,

      Defendants.

_____/

## **ORDER**

The Court has before it Plaintiff's motion for leave to file a motion for summary judgment. On July 28, 2004, the Court entered a Case Management Order which set January 21, 2005, as the deadline for filing dispositive motions. On January 11, 2005, the Court entered an Order extending the dispositive motion deadline to March 11, 2005. On March 18, 2005, Plaintiff filed a motion for summary judgment. On March 23, 2005, the Court entered an Order rejecting Plaintiff's motion for summary judgment on the grounds that the motion was filed beyond the deadline for filing dispositive motions and Plaintiff failed to request leave to file a brief in excess of 25 pages.

Plaintiff filed the instant motion on April 19, 2005. In its motion and brief, Plaintiff states that its counsel's staff attempted to file the motion for summary judgment on March 11, 2005, but were unable to do so because of a problem with the Court's electronic filing system. Plaintiff also states that its counsel sent a hard copy of the motion and brief to the Clerk on March 11, 2005.

Plaintiff requests that the Court grant it leave to file its motion because it has shown good cause for failing to meet the dispositive motion deadline. Defendants respond that the Court should deny the motion because Plaintiff waited almost one month before filing its motion and trial is scheduled for June 7, 2005, leaving insufficient time to both prepare for trial and respond to Plaintiff's motion for summary judgment. In its supplemental brief, Plaintiff explains that the delay in filing the motion for leave occurred because its counsel was involved with two trials in April which rendered it difficult for Plaintiff's counsel to file the motion in a more timely manner.

Based upon the circumstances of Plaintiff's failure to timely comply with the Case Management Order, the Court concludes that Plaintiff should be granted an extension of time to file its motion. Such a motion will allow the Court the opportunity to consider and rule on any issues that can be resolved prior to trial. Those issues include whether Defendant breached the terms of the insurance policy at issue by failing to cooperate with Plaintiff, by committing fraud, or by entering into a collusive consent judgment with the plaintiffs in the underlying action. While the Court appreciates that requiring Defendants to respond to Plaintiff's motion while preparing for trial will be more burdensome, the summary judgment process may help to narrow the issues for trial and save time and expenses for the parties. However, in order to expedite the briefing process, the Court will shorten the time Plaintiff to file its reply brief to five days after service of Defendants' response brief. Finally, the Court notes that while Plaintiff's brief is numbered to page 30, the actual brief is only twenty pages and therefore is within the page limitations imposed by the local rules. Therefore,

**IT IS HEREBY ORDERED** that Plaintiff Bristol West Insurance Company's Motion For Leave To File Motion For Summary Disposition (Judgment) Pursuant To FRCP Loc Civ Rule 7.1 And 7.2 (docket no. 52) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants shall file their response to Plaintiff's motion for summary judgment within twenty-eight (28) days from the date of this Order and that Plaintiff shall file its reply within five (5) days after service of Defendants' response.


Date: April 26, 2005                                         /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE